UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NINE ASSORTED FIREARMS,<br><br>    Defendants. | Case No. 12-cv-639-L(NLS)<br><br>ORDER GRANTING JOINT MOTION FOR JUDGMENT OF FORFEITURE [DOC. 16] |

Having reviewed the Joint Motion For Judgment of Forfeiture and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED and DECREED:

The Joint Motion is approved;

1.   The defendants to wit: (1) one Browning 12 gauge shotgun, serial number 391999; (2) one Remington Arms Browning 16 gauge shotgun, serial number 206972; (3) one Remington Arms 30-06 caliber rifle, serial number 75684; and (4) one Winchester Model 61 22 caliber rifle, serial number 18021 shall be returned to claimant Sheri Stewart as follows:

    A.   The above-referenced defendant five firearms shall, at claimant Sheri Stewart's expense, be transferred directly from the custody of the U.S. Marshal for the Southern District of California

to a federally licensed firearms dealer in the Middle District of Florida where claimant Sheri Stewart resides.

   B. Claimant Sheri Stewart shall, in her district of residence in Florida and at her expense, take possession, custody, and control of the above-referenced firearms from the federally licensed firearms dealer.

  2. The remaining defendants, to wit: (1) one Remington Arms 7mm magnum caliber rifle, serial number 6428380; (2) one U.S.A. Military Surplus M1 Carbine 30 caliber rifle, serial number 2661551; (3) one Smith & Wesson 38 caliber revolver, serial number 399697; (4) one Smith & Wesson 22 caliber revolver, serial number 495601; and (5) one flare gun, serial number 3861110/70 shall be forfeited to the United States.

  3. Claimant Stephen McLaren has abandoned his claims to each and all of the defendants NINE ASSORTED FIREARMS. As provided above, each of the defendants NINE ASSORTED FIREARMS shall either be returned to claimant Sheri Stewart or forfeited to the United States.

  4. Any costs incurred by the United States incident to the seizure, custody, and forfeiture of the defendants NINE ASSORTED FIREARMS shall be borne by the United States.

  5. Claimants have agreed that by entering into this stipulation, neither of them have "substantially prevailed" within the meaning of Title 28, United States Code, Section 2465.

  6. The person or persons who made the seizure or the prosecutor shall not be liable to suit or judgment on account of such seizure in accordance with Title 28, United States Code, Section 2465.

  7. Claimants have warranted and represented as a material fact that they are the sole owners of each and all of the defendants

NINE ASSORTED FIREARMS and further warranted that no other person or entity has any right, claim or interest in any or all of the defendants NINE ASSORTED FIREARMS, and that they will each defend and indemnify the United States against any and all claims made against the defendants or any of them on account of the seizure and forfeiture of one or more of the defendants NINE ASSORTED FIREARMS.

8.  The terms of this settlement do not affect the tax obligations, fines, penalties, or any other monetary obligations claimants, or either of them, may owe to the United States.

9.  The parties to this settlement have agreed that each will bear their own attorney's fees and costs.

10. Claimants, their agents, employees, or assigns, shall hold and save harmless the United States of America, its agents and employees, from any and all claims which might result from the seizure of one or all of the defendants NINE ASSORTED FIREARMS.

11. This case is hereby ordered closed. Let judgment be entered accordingly.

DATED: June 29, 2012

_____
HON. M. JAMES LORENZ
United States District Judge

3